UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY MAHAN,   Case No.: _____

      Plaintiff,

vs.

HEALTH OPTIONS, INC. d/b/a
FLORIDA BLUE HMO

      Defendant.
_____/

# COMPLAINT

COMES NOW, Plaintiff, TROY MAHAN, (hereinafter "Plan Beneficiary"), through undersigned counsel, and sues Defendant, HEALTH OPTIONS, INC. d/b/a FLORIDA BLUE HMO, (hereinafter "Florida Blue HMO"), and alleges:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's health insurance benefits for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

2. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

3. At all times material hereto, the Plan Beneficiary was a citizen and is and was an individual residing in Duval County, Florida and is *sui juris*.

4. At all times material hereto, the Defendant, Florida Blue HMO (hereinafter "the Insurance Company"), is and was a health insurance company authorized to, and doing business in the state of Florida and providing health insurance coverage and plan administration services to Florida residents, including Plaintiff.

5. A substantial part of the events or omissions giving rise to the claim occurred in Duval County, Florida.

6. At all times material hereto, the Defendant Florida Blue HMO, administered and insured health benefits and related services in the State of Florida, and is subject to the jurisdiction of this Court.

7. At all times material hereto, Florida Blue HMO insured and administered employer health benefits and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Duval County, Florida.

8. At all times material hereto, Southeastern Hearing, Inc. (hereinafter the Employer"), sponsored a health insurance plan of which Plaintiff is and was a beneficiary. The Employer employed more than 20 employees at all relevant times.

9. At all times material hereto, the Defendant was a plan and claims administrator for The Employer.

10. Under the terms of the Plan administered and insured by Defendant, patients and beneficiaries who are covered under plans that Defendant administers and insures, like Plaintiff, are entitled to payment for medically necessary health benefits.

11. At all times material hereto, the Defendant, was the Insurer and Claims administrator for The Employer, who sponsored the health insurance plan, of which, Plaintiff was a beneficiary.

12. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

13. Venue is proper in the Southern District Court of Florida pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 139l(b) since the facts and circumstances *(e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Broward County, Florida and (2) Defendant's conduct a substantial amount of business in this District and in Duval County, Florida.

14. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## STATEMENT OF THE FACTS

15. At all material times, the Plan Beneficiary was covered by the health insurance plan sponsored by the Employer and Insured by the Insurance Company. A copy of the Plan document is attached hereto as **Exhibit A**.

16. The Insurance Company was the Plan and claims administrator for The Employer.

17. At all material times, the Plan Beneficiary required medical services. More specifically, Plaintiff's treating providers determined that intraosseous ablation of the basivertebral nerve (BVN) accomplished with Intracept Procedure was medically necessary. ("the Medical Services").

18. On October 25, 2022, Plaintiff and his treating provider, Robert Hurford, M.D. requested a pre-authorization from the Insurance Company for the medically necessary Medical Services. Dr. Hurford provided clinical documentation and details of the Plaintiff's condition and cited peer reviewed articles and information that supports use of the Intracept Procedure.

19. The Medical Services were necessary due to the Plaintiff's chronic low back pain, degenerative disc disease and development of vertebrogenic pain identified by degenerative endplate changes. The services requested are covered benefits under the Plan.

20. By letter dated November 3, 2022, the Insurance Company, denied benefits requested by the Plan Beneficiary and the Plan Beneficiary's treating

providers ("the First Denial Letter") on the basis that the services were experimental and investigational.

21. The Plaintiff submitted an appeal on November 9, 2022. The appeal provided additional information and clinical documentation that evidenced that the Plan Beneficiary needed the services requested and multiple peer reviewed articles that demonstrate the efficacy of the Intracept Procedure.

22. Florida Blue HMO denied the appeal.

23. Thereafter, the Plaintiff submitted an external review request on December 6, 2022. As part of the external review, Dr. Hurford provided additional clinical information and support for coverage of the procedure.

24. Dr. Hurford also submitted a Physician certification for Experimental / Investigational Denials with additional documentation and which certified the Intracept Procedure was most beneficial to the Plaintiff and that other services and treatments had not been effective to treat the Plaintiff's medical condition.

25. Despite the foregoing, the medical decision was upheld via letter dated January 16, 2023 and the Plaintiff was not able to obtain coverage for the treatment.

26. Thereafter, the Plaintiff sought a second and third opinion to determine what other options were available.

27. On or about February 13, 2023, a physician from Florida Pain Physicians determined, as part of a second opinion, that the Intracept Procedure was the proper treatment for Plaintiff.

28. On or about March 31, 2023, a physician from Mayo Clinic Spine Department determined, as part of a third opinion, that the Intracept Procedure was the proper treatment for Plaintiff.

29. As a result, the Plaintiff sought another authorization from Florida Blue HMO to move forward with the Intracept Procedure. Florida Blue HMO denied the authorization.

30. The Plaintiff appealed the denial and Florida Blue HMO denied the appeal on Jun 10, 2023.

31. A third party review was again submitted and the denial was upheld on July 20, 2023.

32. Due to the Plaintiff's debilitating condition and consistent medical issues that negatively impacted his health and quality of life he moved forward with the surgery under the advice of three separate physicians.

33. The surgery was ultimately performed by Dr. Jimenez of Florida Pain Physicians.

34. As a result of the failure to provide coverage and authorize the medical services, by Florida Blue HMO, the Plaintiff incurred medical expenses in the approximate amount of $11,500.

35. As of the date of filing of this lawsuit, the Insurance Company has failed to address the Plan Beneficiary's requests and has continued to deny services.

36. By virtue of multiple violations and wrongful denial of benefits by the Defendant and its agents, Plaintiff has been forced to retain the services of the undersigned counsel, and has agreed to pay said attorney a reasonable fee for her services.

## COUNT I
## VIOLATION OF §502 (a) of ERISA Against Defendant

37. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

39. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which he is covered.

40. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of his rights to benefits under the terms of the Plan insured and administered by Defendant, its agents, and employees, under which she is covered.

41. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to cover and make payment to Plaintiff for covered services in accordance with its terms.

42. Defendant, its agents, and employees, failed to cover and make full payment of benefits to Plaintiff although he has a debilitating medical condition for which he sought coverage, in violation of ERISA.

43. Defendant, its agents, and employees, failed to provide Plaintiff with all rights he is entitled to under the terms of the Plan administered by Defendant, under which he is covered, in violation of ERISA.

44. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights he is entitled to under the terms of the Plan administered by Defendant, under which he is covered in violation of ERISA.

45. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

46. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

47. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

48. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

**WHEREFORE**, Plaintiff prays that this Honorable Court will enter judgment against Florida Blue HMO for Compensatory Damages from the actions caused by Defendant, its agents and employees; That this Court take jurisdiction of this action and all parties named in this Complaint, and that this Court permit Plaintiff to join in this action by appropriate amended pleading any such additional parties as may be necessary for a full and complete determination of Plaintiff's rights; and Award Plaintiff any such other relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, prays that this Honorable Court will enter judgment against Defendant, as follows:

a. For reasonable attorney's fees and costs of suit;

b. For all damages allowed under ERISA;

c. Declaring that the Insurance Company a has breached the terms of the Summary Plan Description and/or Insurance Policy;

d. Declaring that the Insurance Company has breached its fiduciary duties under ERISA;

e. Awarding pre-judgment and post-judgment interest; and

f. For such other and further relief as the Court deems just and proper.

Case No.: _____
Page 10 of 10

Respectfully submitted,

**HEALTH AND MEDICINE LAW FIRM**
*Counsel for Plaintiff*
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Ph: 305-677-2292
Fax: 305-677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelawfirm.com

By:     **/s/ Maria T. Santi**
        MARIA T. SANTI, ESQUIRE
        Florida Bar No.: 117564